**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael Roy GUSHWA, Defendant— Appellant.**

**No. 08–30328.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2009.*

Filed June 9, 2009.

Kory Larsen, Special Assistant U.S., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

E. June Lord, Esquire, Great Falls, MT, for Defendant–Appellant.

Before: GOODWIN, O'SCANNLAIN and FISHER, Circuit Judges.

## MEMORANDUM **

Michael Gushwa appeals the district court's denial of his suppression motion,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

after which he entered a conditional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Gushwa, a passenger in a car that police lawfully stopped, lied when officers asked for his name. The officers knew he was lying, and after further questioning found that he had an outstanding warrant. A pat-down search revealed a handgun.

Gushwa argues that during a traffic stop, a police officer may not ask a passenger his name where the officer lacks reasonable suspicion or probable cause to question the passenger. However, "even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual [and] ask to examine the individual's identification." *Muehler v. Mena*, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005) (quoting *Florida v. Bostick*, 501 U.S. 429, 434–35, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991))

ed by 9th Cir. R. 36–3.

(internal alteration omitted). This standard applies in traffic stops. *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir.2007) (*Muehler*'s "reasoning is equally applicable in the traffic stop context"). Thus, no "independent reasonable suspicion" was required for the police officer to ask Gushwa for identification. *Muehler*, 544 U.S. at 101, 125 S.Ct. 1465; *see also Mendez*, 476 F.3d at 1080–81 (holding that, under *Muehler*, "expanded questioning [during a traffic stop] need not have been supported by separate reasonable suspicion").

AFFIRMED.